FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA 2017 AUG 14  PM 3: 26
TAMPA DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

JANE A. LAFFER

    Plaintiff,

CASE NO.: 8:17-CV-1926-T-23AEP

v.

METROPOLITAN CASUALTY
INSURANCE COMPANY,

    Defendant.

_____/

### DEFENDANT, METROPOLITAN CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant, Metropolitan Casualty Insurance Company ("Defendant") by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446 and Local Rule 4.02, gives Notice of Removal of this case to the United States District Court for the Middle District of Florida, and state as follows:

1.    Pursuant to 28 U.S.C. Sections 1332 (a), 1441(a), and 1446, Defendant gives notice that the civil action presently pending in the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida, entitled Jane A. Laffer v. Metropolitan Casualty Insurance Company, Case No.: 17-CA-6655-G, is removed to this Court.

2.    Plaintiff filed her action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and served Defendant with the Summons and Complaint on July 25, 2017.  A true and correct copy of the state court file is attached as composite Exhibit "A".

3.    Plaintiff's Complaint alleges that Plaintiff resides in Valrico, Hillsborough County, Florida.  See, Exhibit "A", Compl. at ¶ 2.

1


TPA045240

4.      Plaintiff's Complaint fails to allege Defendant Metropolitan Casualty Insurance Company's principal place of business and place of incorporation.

5.      Metropolitan Casualty Insurance Company is a corporation with its principal place of business in Rhode Island.  See Affidavit of Defendant's Representative, attached as Exhibit "B".

6.      Regarding corporate citizenship, the federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010)(quoting 28 U.S.C. § 1332 (c)(1))(emphasis omitted).

7.      Complete diversity is present as Plaintiffs allege that he is a citizen of Florida and Defendants is a foreign corporation.  See Compl. at ¶ 2 and Exhibit "B".  This Court has original "diversity" jurisdiction over Plaintiff's action under 28 U.S.C.  § 1332, and Plaintiff's action is one that Defendant may remove to this Court pursuant to 28 U.S.C. § 1441 and 1446, because the action is between citizens of different states, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

8.      Plaintiff's Complaint alleges that on or about "August 31, 2015 Francis T. Guckian (non-party) did so carelessly and negligently drive, manage, and operate the motor vehicle they owned, so as to cause the same to collide with the motor vehicle being operated by Plaintiff, Jane Anne Laffer, causing the Plaintiff, Jane Ann Laffer, to sustain the damages and injuries hereinafter set forth."  See Compl. at ¶ 8.  Plaintiff further alleges that Plaintiff and the Defendant entered into an Insurance Agreement, which agreement provided both bodily injury liability and Underinsured and/or Uninsured benefits to the Plaintiff.  Id. at ¶ 10.  It is also

2

alleged that there is Two Hundred Fifty Thousand Dollars ($250,000) per person/ per occurrence in uninsured/ underinsured motorist benefits to the Plaintiff. Id. at ¶ 11. Plaintiff asserts that the Defendant has refused to adequately compensate the Plaintiff for the damages set forth herein as the result of the accident alleged herein. Id. at ¶ 15.

9.      Contrary to Florida law, Plaintiff improperly plead a Count for Bad Faith in the Complaint. Id. at ¶¶ 16-28. It is well settled that a cause of action for bad faith is premature until there is a determination of liability on the part of the insured and a determination of damages owed in the underlying action. State Farm Mutual Auto. Ins. Co. v. O'Hearn, 975 So.2d 633 (Fla. 2d DCA 2008) (when plaintiff does not and cannot allege that there has been a final determination of the insurer's liability and amount of damages owed, the bad faith claim is premature and should be dismissed or abated); Cox v. Natl. Gen. Ins. Online, Inc., 2015 WL 5316966, at *2 (M.D. Fla. 2015) (citing Great Am. Assurance Co. v. Sanchuk, LLC, 2012 WL 195526 (M.D .Fla. 2012) ("When premature filing of an action cannot be cured by the passing of time—that is, when the claim is dependent upon the outcome of a separate action—dismissal without prejudice is preferred.").

10.     Plaintiff seeks damages of $95,000-$250,000, based on purported claims uninsured/underinsured motorist benefits. See Plaintiff's multiple demand letters dated: June 2, 2016; July 15, 2016; and September 27, 2016; attached as composite Exhibit "C".

11.     "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial

3

experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotations and citations omitted). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Pretka v. Kolter City Plaza II., Inc., 608 F.3d 744, 754 (11th Cir. 2010) (analyzing removal under CAFA) (same).

12.     The amount in controversy in this case exceeds $75,000, exclusive of interest, costs and attorney's fees, despite Plaintiff's' failure to precisely quantify their alleged damages in their Complaint. In this matter, the Demand demonstrates that Plaintiff is seeking damages for $95,000- $250,000. See Exhibit "C". Additionally, the Complaint asserts damages for "significant and permanent loss of an important bodily function, significant and permanent scarring or disfigurement, permanent injuries within a reasonable degree of medical probability, injuries to their jaw, face, head, neck, back, spine, shoulders, arms, legs, elbows, joints, muscles, tendons, ligaments, nerves, soft tissues, and body as a whole; became depressed and anxious; aggravated any pre-existing condition; suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money; suffered any non-permanent injuries for which lost wages, medical expenses and other out-of-pocket expenses were incurred and not otherwise provided for in the payment of PIP or insurance related benefits. Said losses are either permanent or continuing in nature and Plaintiff will suffer losses in the future..." See Compl. ¶ 9.

13.     28 U.S.C. § 1441 (a) authorizes the removal of the state court action to this Court because a defendant may remove any civil action which a plaintiff files in state court if a United States District Court also has original jurisdiction.

14.     Based on the allegations and claims raised in the Complaint and Exhibits "**B**" & "**C**", this is a civil action which this Court has original jurisdiction under 28 U.S.C. § 1332 (a). There is complete diversity of citizenship; on the one side, Plaintiff is a resident of Florida. Compl. at ¶ 2. On the other side, Defendant is a corporation with its principal place of business in the state of Rhode Island. Exhibit "**B**". The action also meets the amount in controversy requirement of 28 U.S.C. § 1332 (a) because Plaintiff seeks damages from $95,000-$250,000. See Exhibit "**C**".

15.     Defendants are not in default and this Notice of Removal has been filed within thirty (30) days of service of the Summons and Complaint on July 25, 2017.  28 U.S.C. § 1446(b).  The thirty-day removal period commenced when Plaintiff served Defendants with the Complaint.  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

16.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b) a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind presently on file with the state court has been filed with this Notice of Removal and is attached as Composite Exhibit "**A**".

17.     On the same date as this Notice of Removal was signed, Defendants served a copy of this Notice of Removal to Plaintiff's counsel. 28 U.S.C. § 1446 (d).

18.     On the same date as this Notice of Removal was signed, Defendant served and filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the Thirteenth

Judicial Circuit in and for Hillsborough County, Florida, the court in which this action was commenced and pending at the time this Notice of Removal was filed with the Court. 28 U.S.C. § 1446 (d). See Notice of Filing Removal filed in state court attached as Exhibit "**D**".

19.     Defendants have removed this case to the Tampa Division of the Middle District of Florida because Hillsborough County is in the Tampa Division of the Middle District of Florida.     Thus, venue is proper under 28 U.S.C. § 1441 and 1446 because the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, Florida, is located in the Tampa Division of the U.S. District Court for the Middle District of Florida.

20.     Federal Rule of Civil Procedure 81(c)(2)(C) gives Defendants seven (7) days from the date of this removal to answer or file a motion in response to the Complaint.

WHEREFORE, Defendants Metropolitan Casualty Insurance Company, respectfully requests that the above-entitled action now pending against them in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County be removed to the United States District Court for the Middle District of Florida.

Dated: August 14, 2017

By: /s/ Jody M. Valdes
**Jody M. Valdes, Esquire**
Florida Bar No. 0506291
**Trial Counsel**
**Megan B. Collins, Esquire**
Florida Bar No. 0099547
Weekley Schulte Valdes, L.L.C.
1635 N. Tampa Street, Suite 100
Tampa, FL 33602
(813) 221-1154
Facsimile (813) 221-1155
service@wsvlegal.com
vhservice@wsvelgal.com
mgservice@wsvlegal.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served by Electronic Mail to:

Christopher Ligori, Esq., 117 S. Willow Avenue, Tampa, FL 33606 Pleadings@ligorilaw.com,

*(Counsel for Plaintiff)* this 14th day of August, 2017.

By: /s/ Jody M. Valdes
**Jody M. Valdes, Esquire**
Florida Bar No. 0506291
**Trial Counsel**
Megan B. Collins, Esquire
Florida Bar No. 0099547
Weekley Schulte Valdes, L.L.C.
1635 N. Tampa Street, Suite 100
Tampa, FL 33602
(813) 221-1154
Facsimile (813) 221-1155
service@wsvlegal.com
vhservice@wsvelgal.com
mgservice@wsvlegal.com
Attorneys for Defendant

7

## Exhibit Index

| Number | Title |
|--------|-------|
| A | Notice of Service of Process; and Summons and Complaint of Plaintiff Jane A. Laffer |
| B | Affidavit of John Bryant |
| C | Plaintiff's Demand Letters |
| D | Defendant Metropolitan Casualty Insurance Company's Notice of Filing Removal to Federal Court |

 **CT Corporation**

**Service of Process Transmittal**
07/25/2017
CT Log Number 531633879

**TO:** Bethanne Lee
MetLife Auto & Home
700 Quaker Ln, Law Department Area 2C
Warwick, RI 02886-6669

**RE:** **Process Served in Florida**

**FOR:** Metropolitan Casualty Insurance Company  (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jane A. Laffer, Pltf. vs. Metropolitan Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Notice(s), Summons, Cover Sheet, Complaint, Exhibit(s), Motion, Interrogatories, Attachment(s), Request(s) |
| **COURT/AGENCY:** | Hillsborough County Court, FL<br>Case # 17CA6655 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Electronic Receipt on 07/25/2017 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Christopher N. Ligori<br>Christopher Ligori & Associates<br>117 S. Willow Ave.<br>Tampa, FL 33606<br>813-223-2929 |
| **REMARKS:** | Process received by Chief Financial Officer on 07/21/2017, and forwarded to C T Corporation System by electronic delivery on 07/25/2017 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/25/2017, Expected Purge Date: 07/30/2017<br><br>Image SOP<br><br>Email Notification,  CTServiceof Process  mah_sop@metlife.com<br><br>Email Notification,  Bethanne Lee  blee5@metlife.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Page 1 of  1 / GG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This Information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any Information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


**EXHIBIT**
**A**



CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA



*17-000138270*

JANE A. LAFFER

PLAINTIFF(S)

VS.

METROPOLITAN CASUALTY INSURANCE
COMPANY

DEFENDANT(S)

_____ /

**CASE #:** **17-CA-6655**
**COURT:** **CIRCUIT COURT**
**COUNTY:** **HILLSBOROUGH**
**DFS-SOP #:** 17-000138270

SUMMONS, COMPLAINT, EXHIBIT, DISCOVERY, CIVIL COVER SHEET

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by PROCESS SERVER on Friday, July 21, 2017 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, July 25, 2017 to the designated agent for the named entity as shown below.

    METROPOLITAN CASUALTY INSURANCE COMPANY
    DONNA MOCH
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION FL 33324

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent fillings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jimmy Patronis
Chief Financial Officer

CHRISTOPHER N LIGORI
CHRISTOPHER N. LIGORI & ASSOCIATES
117 S. WILLOW AVE.
TAMPA FL 33606

AJ1

Filing # 59032606 E-Filed 07/14/2017 01:19:49 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY CIVIL ACTION

JANE A. LAFFER ,

       Plaintiff(s),

vs.

                                     CASE NO.:   **17-CA-6655**
                                     DIVISION:   **G**

METROPOLITAN CAUSALTY
INSURANCE COMPANY ,

       Defendant(s).

## SUMMONS

THE STATE OF FLORIDA
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or
Petition, Request for Admissions, Request for Production, Notice of Service of Interrogatories,
and original and one (1) copy of Interrogatories in the above-styled cause upon the Defendant(s):

       Metropolitan Casualty Insurance Company
       c/o Chief Financial Officer
       P. O. Box 6200 (32314-6200)
       200 E. Gaines Street
       Tallahassee, Florida  32399

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on
Plaintiff's attorney, whose name and address is:

       CHRISTOPHER N. LIGORI, ESQ.
       CHRISTOPHER N. LIGORI & ASSOCIATES
       117 S Willow Avenue,
       Tampa, FL 33606
       Telephone:  (813) 223-2929
       Facsimile:  (813) 251-6853
       Florida Bar No.: 0011045

within 20 days after service of this Summons upon the Defendant, exclusive of the date of
service, and to file the original of said written defenses with the clerk of said court either before
service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default
will be entered against that Defendant for the relief demanded in the Complaint or Petition.

RECEIVED AS STATUTORY REGISTERED AGENT
on 21 July, 2017 and served on defendant or named party on 25 July, 2017
by the Florida Department of Financial Services

CK237
JUL 2 1 2017
1:15pm

WITNESS my hand and seal of said Court on _____07/14/17_____, 2017.



Clerk of the Circuit Court

*V Phillips*
_____
Deputy Clerk

## SUMMONS:
### PERSONAL SERVICE ON AN INDIVIDUAL AND/OR COMPANY

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta sue respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de sue respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention de numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.


CHRISTOPHER N. LIGORI, ESQ.
CHRISTOPHER LIGORI & ASSOCIATES
117 S Willow Avenue
Tampa, FL 33606
Telephone:  (813) 223-2929
Facsimile:  (813) 251-6853
Florida Bar No.: 0011045

## CIVIL COVER SHEET

Form 1.997 The civil cover sheet and the information contained herein neither replaces nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute section 25.075. (See instructions for completion.)

I.        CASE STYLE

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY CIVIL ACTION**

JANE A. LAFFER ,                                            CASE NO.:

          Plaintiff(s),                         DIVISION:

vs.

METROPOLITAN CAUSALTY INSURANCE COMPANY ,

          Defendant(s).

## II. TYPE OF CASE      (If the case fits more than one type of case, select the most definitive category.)
If the most descriptive label is a subcategory (is indented under a broader category), place an X in both the main category and subcategory boxes.

☐ Condominium

☐ Contracts and indebtedness

☐ Eminent domain

☒ Auto negligence

☐ Real property /Mortgage foreclosure

   ☐ Commercial foreclosure $0- $50,000

   ☐ Commercial foreclosure $50,001 - $249,999

   ☐ Commercial foreclosure $250,000 or more

   ☐ Homestead residential foreclosure $0 - $50,000

   ☐ Homestead residential foreclosure $50,001-$249,999

   ☐ Homestead residential foreclosure $250,000 or more

   ☐ Nonhomestead residential foreclosure $0 - $50,000

   ☐ Nonhomestead residential Foreclosure $50,001 - $249,999

   ☐ Nonhomestead residential Foreclosure $250,000 or more

   ☐ Other real property actions $0 –$50,000

   ☐ Other real property actions $50,001 – $249,999

   ☐ Other real property actions $250,000 or more

☐ Professional malpractice

   ☐ Malpractice –business

   ☐ Malpractice –medical

   ☐ Malpractice –other professional

☐ Negligence – other

   ☐ Business governance

   ☐ Business torts

   ☐ Environmental/Toxic tort

   ☐ Third party indemnification

   ☐ Construction defect

   ☐ Mass tort

   ☐ Negligent security

   ☐ Nursing home negligence

   ☐ Premises liability – commercial

   ☐ Premises liability – residential

   ☐ Products liability

☐ Other

   ☐ Antitrust / trade regulation

   ☐ Business transactions

   ☐ Constitutional challenge – statute or ordinance

   ☐ Constitutional challenge – proposed amendment

   ☐ Corporate trusts

   ☐ Discrimination – employment or other

   ☐ Insurance claims

   ☐ Intellectual property

   ☐ Libel / Slander

   ☐ Shareholder derivative action

   ☐ Securities litigation

   ☐ Trade secrets

   ☐ Trust litigation

☐ THIS CASE IS APPROPRIATE FOR ASSIGNMENT TO THE COMPLEX LITIGATION BUSINESS DIVISION. PLEASE SEE ATTACHED COMPLEX BUSINESS LITIGATION DIVISION ADDENDUM FORM.

III. REMEDIES SOUGHT (Check all that apply):
☒ Monetary;
☐ Non-monetary declaratory or injunctive relief;
☐ Punitive

IV. NUMBER OF CAUSES OF ACTION: [ | ]
(Specify)

_____

_____

V. IS THIS CASE A CLASS ACTION LAWSUIT?
☐ Yes
☒ No

VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
☒ No
☐ Yes If "yes", list all related cases by name, case number and court.

_____

_____

_____

VII. IS JURY TRIAL DEMANDED IN COMPLAINT?
☒ Yes
☐ No

VIII. IS TRIAL EXPECTED TO LAST MORE THAN TEN (10) TRIAL DAYS (2 WEEKS)?
☐ Yes
☒ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____     FL Bar #: __0011045__
            (Attorney of Party)                        (Bar # if attorney)

Christopher N. Ligori, Esquire          __7/12/17__
(Print Name)                               (Date)

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY CIVIL ACTION

JANE A. LAFFER ,

      Plaintiffs,

vs.

METROPOLITAN CAUSALTY
INSURANCE COMPANY ,

      Defendants.

CASE NO.:
DIVISION:

## C O M P L A I N T

COMES NOW the Plaintiff, JANE ANNE LAFFER, by and through the undersigned attorney, sues the Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY, and alleges:

1. That this is an action for damages in excess of Fifteen Thousand and NO/100 Dollars ($15,000.00).

2. That at all times pertinent to this action, the Plaintiff, JANE ANNE LAFFER, was a resident of Valrico, Hillsborough County, Florida.

3. That the cause of action alleged herein accrued in Hillsborough County, Florida.

4. That at all times pertinent to this action, the Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY, was an insurance corporation operating within the State of Florida and was authorized to do business in Hillsborough County, Florida.

## COUNT I
## UNINSURED/UNDERINSURDED CLAIM AGAINST METROPOLITAN
## CASUALTY INSURANCE COMPANY

5. Plaintiff adopt all allegations contained in paragraphs 1 through 4 as if fully set forth herein.

6. That on or about August 31, 2015 at approximately 11:14 A.M., the Plaintiff, JANE ANNE LAFFER, was the owner and operator of a motor vehicle, traveling on Lithia Pinecrest at or near its intersection with Bloomingdale Ave in Valrico, Hillsborough County, Florida.

7. That on or about August 31, 2015 at approximately 11:14 A.M., Francis T. Guckian was the operator and owner of a vehicle also traveling on Lithia Pinecrest at or near its intersection with Bloomingdale Ave, Valrico, Hillsborough County, Florida.

8. That on or about August 31, 2015 at the aforementioned time and place, Francis T. Guckian, did so carelessly and negligently drive, manage and operate the motor vehicle they owned, so as to cause the same to collide with the motor vehicle being operated by Plaintiff, JANE ANNE LAFFER, causing the Plaintiff, JANE ANNE LAFFER, to sustain the damages and injuries hereinafter set forth.

9. That as a direct and proximate result of the carelessness and negligence of Francis T. Guckian, the Plaintiff, JANE ANNE LAFFER, sustained significant and permanent loss of an important bodily function, significant and permanent scarring or disfigurement, permanent injuries within a reasonable degree of medical probability, injuries to their jaw, face, head, neck, back, spine, shoulders, arms, legs, elbows, joints, muscles, tendons, ligaments, nerves, soft tissues, and body as a whole; became depressed and anxious; aggravated any pre-existing condition; suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical

2

and nursing care and treatment, loss of earnings, and loss of ability to earn money; suffered any non-permanent injuries for which lost wages, medical expenses and other out-of-pocket expenses were incurred and not otherwise provided for in the payment of PIP or insurance related benefits. Said losses are either permanent or continuing in nature and Plaintiff, JANE ANNE LAFFER, will suffer the losses in the future; they have met or will have met by the time of the Trial the requirements of Florida Statutes, Section 627.737.

10.    That prior to August 31, 2015, the Plaintiff, JANE ANNE LAFFER, and the Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY entered into an Insurance Agreement, which agreement provided both bodily injury liability and Underinsured and/or Uninsured benefits to the Plaintiff, JANE ANNE LAFFER, under Policy Number 4321224061. A complete copy of the policy of insurance is unavailable to the Plaintiff, JANE ANNE LAFFER, but its contents are well known to the Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY.

11.    That according to the terms and conditions of the aforementioned policy of insurance, there is Two Hundred Fifty Thousand Dollars ($250,000.00) per person/ per occurrence in Uninsured/Underinsured Motorists Benefits available to the Plaintiff, JANE ANNE LAFFER, under policy number 4321224061.  Pursuant to the terms and conditions of the policy, this coverage is stacked, providing Two Hundred Fifty Thousand and NO/100 Dollars ($250,000.00) in coverage available to Plaintiff, JANE ANNE LAFFER.

12. That because of the carelessness and negligence of their insurer, Allstate Insurance Company, tendered its bodily injury liability policy limits and the Plaintiff, JANE ANNE LAFFER, and Allstate Insurance Company entered into a settlement agreement whereby the Plaintiff, JANE ANNE LAFFER, in exchange for a Release, agreed to accept the sum of Ten

3

Thousand and NO/100 Dollars ($10,000.00) as full and final settlement of her claims under the bodily injury liability portion of the aforesaid Allstate Insurance Company policy.

13. That the coverage afforded to Francis T. Guckian, under the policy of bodily injury liability insured issued by Allstate Insurance Company was not sufficient to inure to the benefit of the Plaintiff, JANE ANNE LAFFER, and provide for the bodily injury and damages sustained by her.

14. That the Plaintiff, JANE ANNE LAFFER, furnished the METROPOLITAN CASUALTY INSURANCE COMPANY, timely notice of the accident and proof of her claim and has otherwise performed all conditions precedent to entitle recovery under the uninsured motorist provision of said policy. This included obtaining written permission from the METROPOLITAN CASUALTY INSURANCE COMPANY, to settle under the bodily injury liability portion of the Allstate Insurance Company policy insuring Francis T. Guckian.

15. That the Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY, has refused to adequately compensate the Plaintiff, JANE ANNE LAFFER, for the damages set forth herein as a the result of the accident alleged herein.

WHEREFORE, Plaintiff, JANE ANNE LAFFER, demands judgment against the Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY, for a sum in excess of Fifteen Thousand and NO/100 Dollars ($15,000.00), plus costs of this action and hereby demands trial by jury on all issues so triable.

**COUNT II**
**(INSURANCE BAD FAITH AS TO METROPOLITAN CASUALTY INSURANCE COMPANY**

16. Plaintiff adopts all allegations contained in paragraphs 1 through 4 as if fully set forth herein.

4

17. That on or about August 31, 2015 at approximately 11:14 A.M., the Plaintiff, JANE ANNE LAFFER, was the owner and operator of a motor vehicle, traveling on Lithia Pinecrest at or near its intersection with Bloomingdale Ave in Valrico, Hillsborough County, Florida.

18. That on or about August 31, 2015 at approximately 11:14 A.M., Francis T. Guckian was the operator and owner of a vehicle also traveling on Lithia Pinecrest at or near its intersection with Bloomingdale Ave, Valrico, Hillsborough County, Florida.

19. That on or about August 31, 2015 at the aforementioned time and place, Francis T. Guckian, did so carelessly and negligently drive, manage and operate the motor vehicle they owned, so as to cause the same to collide with the motor vehicle being operated by Plaintiff, JANE ANNE LAFFER, causing the Plaintiff, JANE ANNE LAFFER, to sustain the damages and injuries hereinafter set forth.

20. That as a direct and proximate result of the carelessness and negligence of Francis T. Guckian, the Plaintiff, JANE ANNE LAFFER, sustained significant and permanent loss of an important bodily function, significant and permanent scarring or disfigurement, permanent injuries within a reasonable degree of medical probability, injuries to their jaw, face, head, neck, back, spine, shoulders, arms, legs, elbows, joints, muscles, tendons, ligaments, nerves, soft tissues, and body as a whole; became depressed and anxious; aggravated any pre-existing condition; suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money; suffered any non-permanent injuries for which lost wages, medical expenses and other out-of-pocket expenses were incurred and not otherwise provided for in the payment of PIP or insurance related benefits. Said losses are either permanent or continuing in nature and Plaintiff, JANE ANNE LAFFER,

will suffer the losses in the future; they have met or will have met by the time of the Trial the requirements of Florida Statutes, Section 627.737.

21. Upon issuance or renewal of Policy Number 4321224061, Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY became obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541 Florida Statues, as well as the duties prescribed in said policy.

22. Plaintiff, JANE ANNE LAFFER, has complied with all conditions precedent to the filing of this action pursuant to Section 624.155, Florida Statutes, by providing written notice of the Defendant's violations pursuant to the Civil Remedy Notice of Insurer Violation sent to the State of Florida Department of Financial Services Civil Remedy System and the Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY. A copy of the Civil Remedy Notice of Insurer Violations is attached hereto as Exhibit "A." The Civil Remedy Notice of Insurer Violations was provided to Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY. Defendant METROPOLITAN CASUALTY INSURANCE COMPANY received and responded to Plaintiff's Civil Remedy Notice of Insurer Violations.

23. Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY had a continuing duty to act fairly and honestly towards its insured, JANE ANNE LAFFER, and to attempt to settle all claims of Plaintiff, when under the circumstances it could and should have done so had it acted in good faith, fairly and honestly toward its insured and with due regard for its insured's interest.

24. Plaintiff, JANE ANNE LAFFER, provided Defendant an opportunity to resolve, investigate and evaluate the claim prior to filing this action. A demand letter was provided to Defendant on or about June 17, 2016. Additionally, at various times after litigation commenced,

Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY was given opportunities to act fairly and honestly towards its insured JANE ANNE LAFFER and attempt to settle all of the claims within the policy limits.

25. Defendant METROPOLITAN CASUALTY INSURANCE COMPANY breached its continuing duties of good faith by, including but not limited to, the following acts and/or omissions;

     a.  Improper handling of the claim;

     b.  Failing to acknowledge and act promptly upon communications with respect to claims;

     c.  Refusing to settle the claim in a timely manner;

     d.  Failing to act with due regard of insured's interests.

26. Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY failed to cure the violations under Section 624.155, within sixty (60) days of the Civil Remedy Notice of Insurer Violations and failed to correct the circumstances giving rise to the violation in a timely manner.

27. The continuing acts of bad faith by the Defendant caused the Plaintiff's damages, including but not limited to, economic losses, costs and attorney's fees for the underlying action and for this action.

28. Defendant, has refused to act fairly or honestly with due regard to its insured, JANE ANNE LAFFER, to compensate for the damages set forth herein with said damages being compensable under Policy Number 4321224061.

WHEREFORE, Plaintiff, JANE ANNE LAFFER, demands judgment against the Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY for a sum in excess of Fifteen Thousand and NO/100 Dollars ($15,000.00), plus costs of this action and hereby

demands trial by jury on all issues so triable.

Date _7/12/17_

CHRISTOPHER N. LIGORI, ESQUIRE
CHRISTOPHER LIGORI & ASSOCIATES
117 S. Willow Ave.
Tampa, FL 33606
Telephone: (813) 223-2929
Facsimile: (813) 251-6853
FLORIDA BAR # 0011045
Attorney for Plaintiff/15R0359
Service Email: Pleadings@ligorilaw.com

8

## Civil Remedy Notice of Insurer Violations

Filing Number:     **319272**

Filing Accepted:   **8/11/2016**

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | **JANE LAFFER** |
| Street Address: | **1161 EMERALD HILL WAY** |
| City, State Zip: | **VALRICO, FL  33594** |
| Email Address: | |
| Complainant Type: | **Insured** |

### Insured

| | |
|---|---|
| Name: | **JANE LAFFER** |
| Policy #: | |
| Claim #: | **TAD 36165** |

### Attorney

| | |
|---|---|
| Name: | **LIGORI** |
| Street Address: | **117 S WILLOW AVENUE** |
| City, State Zip: | **TAMPA, FL  33606** |
| Email Address: | |

### Notice Against

| | |
|---|---|
| Insurer Type: | **Authorized Insurer** |
| Name: | **METROPOLITAN CASUALTY INSURANCE COMPANY** |
| Street Address: | |
| City, State Zip: | **,** |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

Type of Insurance:   **Auto**



DFS-10-363
Rev. 11/2007

## Civil Remedy Notice of Insurer Violations

Filing Number:      319272

### Reason for Notice

Reasons for Notice:

Claim Denial

Claim Delay

Unsatisfactory Settlement Offer

---

PURSUANT TO SECTION 624.155, F.S.  please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |
| 626.9541(1)(i)(3)(a) | Failing to adopt and implement standards for the proper investigation of claims. |
| 626.9541(1)(i)(3)(b) | Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. |
| 626.9541(1)(i)(3)(c) | Failing to acknowledge and act promptly upon communications with respect to claims. |
| 626.9541(1)(i)(3)(d) | Denying claims without conducting reasonable investigations based upon available information. |
| 626.9541(1)(i)(3)(f) | Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement. |
| 626.9541(1)(i)(3)(g) | Failing to promptly notify the insured of any additional information necessary for the processing of a claim. |
| 626.9541(1)(i)(3)(h) | Failing to clearly explain the nature of the requested information and the reasons why such information is necessary. |

---

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

**REFER TO POLICY LANGUAGE REGARDING UM COVERAGE**

---

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

The Insurance Carrier has not paid the policy limits in this case which presently clearly warrants payment of the aforementioned policy limits. The Insurance Carrier can cure or remedy the alleged deficiency complained of by simply paying the policy limits to the claimant within 60 days from the date of receipt of the civil remedy notice by the Insurance Carrier, herein. Make the payment payable jointly to Jane and Nelson Laffer and the law firm of Christopher Ligori and Associates. Deliver the payment to Christopher Ligori and Associates at 117 S. Willow Ave Tampa, Florida 33606 within 60 days of receipt of the civil remedy notice by the Insurance Carrier.   In so doing, it would be a complete, full and final resolution of any and all claims of Jane Laffer known and unknown and of the consortium claim of Nelson Laffer including any and all attorneys fees and costs as well as any and all alleged damages for any potential Bad Faith claim stemming directly or indirectly from the subject motor vehicle accident.  In short, it would be a complete cure or remedy of the deficiency complained of and a complete resolution of the claims described above. 2)Failure to promptly investigate claim; 3)Failure to properly investigate claim; 4)Failure to act in due diligence and good faith to resolve claim; 5)Placing financial interest of insurer before that of policy holders and claimants; 6)Failure to adjust loss; 7)Failure to properly train, evaluate and manage adjusters; 8) Looking for ways to deny coverage, pay less, delay payment and otherwise a low ball or stonewall a claim; 9)Holding back portions of claim clearly owed; 10) Not adjusting a claim and evaluating a loss properly, promptly and fairly to provide full and prompt indemnity to insured; 11)Failing to implement proper standards for the adjustment and investigation of claims; 12) Establishing severity control initiatives and otherwise establishing a culture of not fully and promptly paying claims following losses; 13) Requesting irrelevant or redundant information to delay claim; 14)Not training, supervising, or managing adjusters properly so that prompt and full payments are made, but rather placing the company interests before the policyholders interests.

| Comments | | |
|---|---|---|
| User Id | Date Added | Comment |
| | | |

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY CIVIL ACTION

JANE A. LAFFER,

        Plaintiff(s),

vs.

                                              CASE NO.:

METROPOLITAN CAUSALTY
INSURANCE COMPANY,

        Defendant(s).

---

## PLAINTIFF'S MOTION TO ABATE CLAIM FOR BAD FAITH

Plaintiff, Jane Anne Laffer by and through the undersigned counsel, hereby files this Motion to Abate the claim for Bad Faith against Defendant, and support thereof states:

1. Plaintiff, Jane Anne Laffer, and the Defendant, entered into an Insurance Agreement, which provided both bodily injury liability and Underinsured and/or Uninsured benefits to the Plaintiff, Jane Anne Laffer, which was in effect on the date of the motor vehicle crash.

1. Upon issuance and/or renewal of the insurance policy to Plaintiff, Defendant became obligated to comply with the duties prescribed in Fla. Stat. 624.155 and 626.9541.

2. Defendant had been placed on notice of the severity of the injuries, current treatment and future recommendations for both Plaintiffs, giving rise to their obligations under Fla. Stat 624.155.

3. On June 17, 2016, Defendant was provided with a demand package inclusive of all medical records to date for Jane Anne Laffer.

1

4.      Defendant breached its duties to Plaintiff by not attempting in good faith to settle the

Plaintiff's claims when under all circumstances it could or should have done so had it

acted fairly and honestly to its insureds.

5.      Defendant also failed to cure the violations under Fla. Stat. 624.155, by failing to pay

all owed damages within sixty (60) days of the Civil Remedy Notice.

6.      Plaintiff has complied with all of the conditions precedent to the filing of this motion

in accordance with Fla. Stat. 624.155. Plaintiff even provided opportunities in litigation

to settle for policy limits and Defendant has failed to do so.

7.      Abating a bad faith claim until resolution of the coverage and damages dispute is

resolved is permissible and the appropriate procedure. Doan v. John Hancok Mut.

Life Ins. Co., 727 So. 2d 400 (Fla. 3rd DCA 1999)(affirming the trial court order

abating the bad faith claims until the resolution of the underlying coverage dispute);

Utah Home Fire Ins. Co. v. Navarro, 642 So. 2d 1200 (Fla. 3rd DCA 1994)(quashing

the order which refused to stay a bad faith claim against the carrier pending the

resolution of the underlying coverage dispute); State Farm Mut. Auto. Ins. Co.

v.Tranchese, 49 So. 3d 809 (Fla. 4th DCA 2010)(finding that the appropriate step is to

abate the bad faith action until coverage and damages have been determined); Safeco

Ins. Co. of Illinois v. Rader, 132 So. 3d 941 (Fla. 1st DCA 2014)(holding that the trial

court can preside over a UM claim and a bad faith claim as long as it does so in a

proper manner and abates the bad faith claim); Safeco Ins. Co. of Illinois v. Beare,

No. 4D13-3104, 2014 WL 4626851 (Fla. 4th DCA Sept. 17, 2014) cert. denied, reh'g

pending. (finding that when a first party bad faith claim is joined with the UM

2

benefits claim, the appropriated relief is to abate a bad faith action until liability and

damages are established)

**WHEREFORE**, Plaintiff, Jane Anne Laffer requests the Honorable Court enter an Order

granting Plaintiff's Motion to Abate the claim for bad faith.

Date___7/12/17___

**CHRISTOPHER N. LIGORI, ESQUIRE**
Christopher Ligori & Associates
117 S. Willow Avenue
Tampa, FL  33606
Telephone:  (813) 223-2929
Fax:  (813) 251-6853
Florida Bar #:  0011045
Attorney for Plaintiff/15R0359
Service Email: Pleadings@ligorilaw.com

3

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY CIVIL ACTION

JANE A. LAFFER ,

       Plaintiff(s),

vs.

                                    CASE NO.:
                                      DIVISION:

METROPOLITAN CAUSALTY
INSURANCE COMPANY ,

       Defendant(s).

## REQUEST FOR ADMISSIONS TO DEFENDANT, METROPOLITAN CASUALTY INSURANCE COMPANY

       Plaintiff, JANE ANNE LAFFER, by and through the undersigned attorney, pursuant to Florida Rules of Civil Procedure, request that Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY, make the following admissions:

1. That Defendant, Metropolitan Casualty Insurance Company, has been properly named in the Complaint and summons enclosed herein.

2. That the Defendant, Metropolitan Casualty Insurance Company has been properly served with the Summons and Complaint.

3. Admit that Plaintiff was insured by you for all losses and damages as alleged in the Complaint under Metropolitan Casualty Insurance Company Policy Number 4321224061.

4. Admit that you have failed to offer any compensation to Plaintiff for their losses as alleged in Plaintiffs' Complaint.

5.    Admit that Plaintiff, Jane Anne Laffer, has suffered a permanent injury as a result

of the accident as described in the Complaint.

6.    Admit that the value of this case exceeds $75,000.00.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Request for

Admissions has been furnished to the above-referenced Defendant by Service of Process with the

Complaint filed herein.

Date___7/12/17_____

CHRISTOPHER N. LIGORI, ESQUIRE
CHRISTOPHER LIGORI & ASSOCIATES
117 South Willow Avenue
Tampa, Florida 33606
813-223-2929 – Telephone
813-251-6853 - Fax
Florida Bar No.: 0011045
Attorney for Plaintiff/15R0359
Service Email: Pleadings@ligorilaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE A. LAFFER

     Plaintiff,

                            CASE NO.:

v.

METROPOLITAN CASUALTY
INSURANCE COMPANY,

     Defendant.

_____/

### AFFIDAVIT OF JOHN BRYANT

STATE OF FLORIDA           )
                             )
COUNTY OF HILLSBOROUGH   )

     BEFORE ME, the undersigned authority, this 14th day of August, 2017, personally appeared John Bryant, who after being duly sworn, deposes and states that the following statements are true and correct to the best of his knowledge:

     1.     My name is John Bryant. I am over the age of 18 years of age, of sound mind, and under no legal disability.

     2.     I am employed by Metropolitan Casualty Insurance Company as a Senior Casualty Adjuster.

     3.     I have personal knowledge about the facts set forth in this declaration and, if called to testify in person about these facts, I could and would do so competently and under oath.

     4.     Metropolitan Casualty Insurance Company is incorporated in the State of Rhode Island and has its principal place of business in Rhode Island.



EXHIBIT
B

**I HEREBY CERTIFY** that on this day, before me, an officer duly authorized by law in the State of Florida and County of Pasco , to take acknowledgement, personally appeared before me, John Bryant who has produced Florida driver license as identification, and known to be the person described in and who executed the above and foregoing instrument and acknowledged before me that he/she executed same as free voluntary act and deed for the uses and purposes therein expressed.

**Witness**, my hand and official seal in the State of Florida County of Pasco _____, this August day of 14th , 2017.

```
ISABELLA MONET D'ATTOMA
MY COMMISSION # GG 33989
EXPIRES: September 27, 2020
```

_____
Notary Public

Isabella D'Attoma
Printed Name

GG  33989
Serial Number, if any

SEP/27/2016/TUE 02:40 PM          FAX No.     160930100500051   P. 001



# ☐ Christopher Ligori & Associates
### ——— ATTORNEYS AT LAW ———
#### Auto Accidents | Serious Personal Injury | Wrongful Death

Christopher Ligori †°‡o
Kristin Demers-Crowell +†◊ª
Brian C. Guenther †∆*
David M. Rosenbaum †
Jay Cooper

‹Admitted in Texas
†U S. District Court, Middle District of Florida
◊U.S. District Court, No. & So. Districts of Florida
∆ Board Certified Civil Trial Lawyer
* AV Preeminent Rating from Martindale-Hubbel
[The National Trial Lawyers Top 100
oFL Legal Elite

**RECEIVED**
SEP 27 2016
**TAMPA FCO**

The Ligori Building
117 South Willow Avenue
Tampa, FL 33606
www.LigoriLaw.com

Telephone (813) 223-2929
Toll Free (877) 444-2929
Fax Number: (813) 251-6853
Pleadings@LigoriLaw.com

September 27, 2016

Faxed to 1-866-287-5767
Attn: Mike Dee
Metropolitan Casualty Insurance Company
P.O. Box 30018
Tampa, FL 33630
15R0360

# DEMAND

Re:  Laffer, Nelson v Guckian, Francis
     Claim No:  TAD 36165 DS
     Date Of Loss: August 31, 2015

Dear Mr. Dee:

     Mr Laffer has declined Metropolitan's $28,500 settlement offer. I am sending you new records from surgeon, Dr. Gary Moskovitz and additional records from Physicians Group for your review. Based upon the information I am providing you which includes the medical records, I demand that you tender $95,000 and comply with all conditions by 5pm, Friday, September 30, 2016. The acceptance of this amount will, of course, be conditional upon a certified copy of your policy of insurance and confirmation that there is no additional UM coverage available from any other source. Please note that all conditions in this letter are material terms of settlement.

Sincerely,

Jay Cooper, Esq.

CNL/jc



FIRM ALSO HA       D LITIGATION FOR
HURRICANE, STORM, WI       MAGE AND AIR BAG CLAIMS

**EXHIBIT**
**C**



# Christopher Ligori & Associates
## ATTORNEYS AT LAW
Auto Accidents | Serious Personal Injury | Wrongful Death

Christopher Ligori †*‡◇
Kristin Demers-Crowell +†◇*
Brian C Guenther †△*
David M. Rosenbaum †
Jay Cooper

*Admitted in Texas
†U S District Court, Middle District of Florida
◇U S District Court, No & So Districts of Florida
△ Board Certified Civil Trial Lawyer
* AV Preeminent Rating from Martindale-Hubble
‡The National Trial Lawyers Top 100
◇FL Legal Elite

*Logged BR due 7/20/16*

**DEMAND**

The Ligori Building
117 South Willow Avenue
Tampa, FL 33606
www.LigoriLaw.com

Telephone (813) 223-2929
Toll Free: (877) 444-2929
Fax Number: (813) 251-6853
Pleadings@LigoriLaw.com

July 15, 2016

Faxed to 1-866-287-5767
Attn: Mike Dee
Metropolitan Casualty Insurance Company
P.O.Box 30018
Tampa, FL 33630
150360

**RECEIVED**
**JUL 15 2016**
**TAMPA FCO**

Re:  Laffer, Nelson v. Guckian, Francis
Claim No:  TAD 36165 DS
Date Of Loss: August 31, 2015

Dear Mr. Dee:

Mr. Laffer has declined Metropolitan's $25,000 UM offer. I am sending you new records and billing from Physicians Group and Dr. Joseph Rashkin, M.D. Mr. Laffer continues to suffer very significant cervical and lumbar pain as well as right shoulder pain. Additionally, he is having cognitive issues with memory and headaches. His diagnostic testing has revealed herniation with cord deformation in the spine and a shoulder tear. His unpaid medical bills exceed $20,000 alone. There is no doubt that he need for future medical care is real.

Mr. Laffer is relying on his own UM carrier to fairly compensate him under a coverage for which he has paid a premium in the unfortunate event of injury caused by someone with not enough insurance. This is that event. In the interest of reaching an amicable resolution, my client demands Metropolitan pay $130,000 by 5pm, Thursday, July 21, 2016 and comply with all conditions of my original demand.

The acceptance of these limits will, of course, be conditional upon a certified copy of

FIRM ALSO HANDLES INSURANCE DISPUTES AND LITIGATION FOR
HURRICANE, STORM, WIND, TORNADO AND FIRE DAMAGE AND AIR BAG CLAIMS

*BR 7/15/16*

your policy of insurance and confirmation that there is no additional UM coverage available from any other source.   Please note that all conditions in this letter are material terms of settlement.

Sincerely,

Jay Cooper, Esq.

JC/jc



# Christopher Ligori & Associates
## A T T O R N E Y S   A T   L A W
#### Auto Accidents | Serious Personal Injury | Wrongful Death

RECEIVED
JUN 06 2016
TAMPA FCO

Christopher Ligori†*‡◦
Kristin Demers-Crowell+†◊*
Robert W. Haley†
David M. Rosenbaum†□

*logged ~ BR 7/11/16*
*due*

The Ligori Building
117 South Willow Avenue
Tampa, FL 33606
www.LigoriLaw.com

+Admitted in Texas
†U S District Court, Middle District
◊U S District Court, Northern & Southern Districts
□U S Court of Appeals, Eleventh Circuit
* A V Preeminent Rating from Martindale Hubbls
‡The National Trial Lawyers Top 100
◦FL Legal Elite

Telephone (813) 223-2929
Toll Free. (877) 444-2929
Fax Number. (813) 251-6853
Pleadings@LigoriLaw com

June 2, 2016

**Via Certified Mail / Return Receipt: 7015 0640 0004 9572 0042**

**Also sent via facsimile to: (866)287-5767**
Metropolitan Casualty Insurance Company
P.O.Box 30018
Tampa, FL 33630
150360

Re:  Our Client:       Nelson H Laffer
      Your Insured:     Nelson H Laffer
      Date of Loss:     August 31, 2015
      Claim Number:    TAD 36165 DS
      Type of Claim:    UM

To Whom It May Concern:

Enclosed herewith please find a copy of the settlement check and Release of All Claims forwarded by Allstate Insurance Company relative to the above captioned matter confirming tender of their coverage.  You are in receipt of my settlement demand package of March 24, 2016 wherein you were requested to conduct your investigation into this matter so that you would be in a position to provide written permission to settle with the tortfeasor, waiving rights of subrogation

I am requesting that you provide written permission to settle as requested  If I do not receive this written permission to settle by the close of business within thirty days of your receipt of this letter, I will proceed with accepting settlement as provided by Statute but also file a claim for Civil Remedy for Metropolitan Casualty Insurance Company's delay in the handling and settlement of this claim  If Metropolitan Casualty Insurance Company will not waive rights of subrogation, I anticipate receipt of its draft in the amount of $10,000, an amount equal to the tort-

FIRM ALSO HANDLES INSURANCE CLAIMS AND LITIGATION FOR
HURRICANE, STORM, WIND, FIRE DAMAGE AND DEFECTIVE STUCCO AND VW DIESEL CLAIMS

160607100360591

feasor's coverage.  Additionally, I am looking to Metropolitan Casualty Insurance Company to tender its $250,000 in available UM coverage.  You are in receipt of the medical information provided with the demand package which confirms this claim is worth well in excess of your coverage

   Please do not hesitate to let me know in the event that you have any questions.  Awaiting your expeditious response, I remain

                              Sincerely,

                              Christopher N. Ligori

CNL/er
Enclosures

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION

JANE A. LAFFER

       Plaintiff,

                                    CASE NO.:   17-CA-6655
v.                                  DIVISION:   G

METROPOLITAN CASUALTY
INSURANCE COMPANY,

       Defendant.

_____/

## DEFENDANT METROPOLITAN CASUALTY INSURANCE COMPANY'S NOTICE OF FILING REMOVAL TO FEDERAL COURT

      Defendant, METROPOLITAN CASUALTY INSURANCE COMPANY gives Notice of

Filing their Notice of Removal to Federal Court, removing the above styled cause to the United

States District Court for the Middle District of Florida, Tampa Division.   A true and correct

copy of the Notice of Removal is attached hereto as Exhibit "A".

(Certificate of Service on the following page)



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served by Electronic Mail to:

Christopher Ligori, Esq., 117 S. Willow Avenue, Tampa, FL 33606 Pleadings@ligorilaw.com,

*(Counsel for Plaintiff)* this 14th day of August, 2017.

By: */s/ Jody M. Valdes*
**Jody M. Valdes, Esquire**
Florida Bar No. 0506291
**Megan B. Collins, Esquire**
Florida Bar No. 0099547
Weekley Schulte Valdes, L.L.C.
1635 N. Tampa Street, Suite 100
Tampa, FL 33602
(813) 221-1154
Facsimile (813) 221-1155
service@wsvlegal.com
vhservice@wsvelgal.com
mgservice@wsvlegal.com
Attorneys for Defendant