UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE A. LAFFER,

    Plaintiff,

v.                                                         CASE NO. 8:17-cv-1926-T-23AEP

METROPOLITAN CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

An under-insured motorist allegedly struck Jane Laffer's vehicle and injured Laffer, whom Metropolitan Casualty insures. In state court, Laffer sued (Doc. 2) Metropolitan for breach of the insurance policy (Count I) and bad faith (Count II). Metropolitan removed (Doc. 1) the action, and Laffer moves (Doc. 5) to remand because the record purportedly fails to establish an amount in controversy likely greater than $75,000. Also, Metropolitan moves (Doc. 7) to dismiss the bad-faith claim, and Laffer moves (Doc. 14) to "abate" the claim.

## **DISCUSSION**

**I. Motion to remand**

In accord with the Florida Rules of Civil Procedure, Laffer alleges damages in excess of $15,000 but declines to specify an amount. If a plaintiff declines to plead a "specific amount of damages," the defendant must proffer evidence sufficient to show that the amount in controversy on the day of removal more likely than not

exceeded $75,000. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Although a demand letter unsupported by specific facts cannot establish the amount in controversy, the demand letter in this instance states that Laffer underwent an "L4-5 laminectomy with bilateral medical facetomies" on February 15, 2017. (Doc. 11 at 12) Laffer states that her unpaid medical bills from the surgery "exceed $100,000." (Doc. 11 at 12) The statement in the demand letter that Laffer incurred more than $100,000 in expenses from the laminectomy establishes an amount in controversy likely greater than $75,000.

## II. Bad-faith claim

Correctly arguing that the bad-faith claim is premature, Metropolitan moves (Doc. 7) to dismiss the claim under Rule 12(b)(6), Federal Rules of Civil Procedure.[*] *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289 (Fla. 1991), holds that "an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith . . . can accrue." 575 So. 2d at 1291; *accord Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) (holding that a plaintiff cannot state a claim for bad faith absent a "determination of liability and [damages] on the first-party insurance contract"). The resolution of the breach-of-policy claim in Count I will establish Metropolitan's liability (if any) and Laffer's damages (if any).

---

[*] More than fourteen days after the motion to dismiss, no response appears.

## CONCLUSION

Because Laffer's statement that she owes more than $100,000 in medical expenses from the laminectomy establishes an amount in controversy likely greater than $75,000, the motion (Doc. 5) to remand is **DENIED**. Because the absence of a determination of Metropolitan's liability and Laffer's damages precludes a bad-faith claim at this time, Metropolitan's motion (Doc. 7) to dismiss is **GRANTED**, and the bad-faith claim in Count II is **DISMISSED**. The motion (Doc. 14) to abate the bad-faith claim is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on September 14, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE